■ RAMONA JACKSON, Respondent, v BROOKLYN MASON SUPPLY CORP. et al., Appellants, et al., Defendant. [766 NYS2d 375] —In an action to recover damages for personal injuries, the defendants Brooklyn Mason Supply Corp. and Jose Galarza appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 10, 2003, as denied the motion of the defendant Brooklyn Mason Supply Corp. for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d), granted the plaintiff's cross motion for summary judgment on the issue of liability, and granted the plaintiff's separate cross motion for leave to amend the complaint to add Ferguson Hauling Corporation as a defendant.

Ordered that the appeal is dismissed, with costs, as the appellants are not aggrieved by the order appealed from (*see* CPLR 5511).

The appeal of the defendant Brooklyn Mason Supply Corp. (hereinafter Brooklyn Mason) must be dismissed. Although the Supreme Court denied that defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury and granted the relief requested by the plaintiff on her cross motions, the Supreme Court dismissed the complaint insofar as asserted against Brooklyn Mason since it did not own the truck which struck the plaintiff's vehicle. Since Brooklyn Mason is no longer a defendant in this action, it is not aggrieved by the order appealed from (*see* CPLR 5511; *Graney Dev. Corp. v Taksen,* 66 AD2d 1008 [1978]).

Prior to the motion and cross motions which are the subject of the instant appeal, the complaint had already been dismissed insofar as asserted against the defendant Jose Galarza. Accordingly, the appeal of that defendant must be dismissed as he is not aggrieved by the order appealed from (*see* CPLR 5511). Altman, J.P., Smith, Friedmann and Crane, JJ., concur.